UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACFC DELTA HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>COASTAL WEST LLC, et al.,<br><br>    Defendants. | Case No. 18-cv-05845-WHO<br><br>**ORDER RE MOTION FOR DEFAULT JUDGMENT** |

Plaintiff ACFC Delta Holdings, LLC, has moved for default judgment against defendants Coast West LLC ("CW") and Cruiser Haven Inc. ("CHI"), and for summary judgment against Kevin Hinman. Dkt. Nos. 59, 61, 67, 68. Defendant Hinman does not oppose plaintiff's motion for summary judgment; accordingly, plaintiff's motion for summary judgment is GRANTED. Dkt. No. 69. CW and CHI have failed to respond to the complaint or appear in this case, and the clerk entered default against both defendants on December 10, 2018. Dkt. No. 31. No party has opposed the motion for default judgment. For the reasons discussed below, I GRANT plaintiff's motion for default judgment against CW and CHI.[1]

## BACKGROUND

Plaintiff filed this case on September 24, 2018. Dkt. No. 1. Defendant Hinman timely filed an answer on November 30, 2018; the remaining two defendants did not file any answer. Dkt. Nos. 28, 33. Plaintiff filed a motion for entry of default by the Clerk for failure to timely respond to the complaint on November 21, 2018, which the clerk granted on December 10, 2018. Dkt. Nos. 25, 31. On January 28, 2020, plaintiff filed a motion for summary judgment against Hinman and a motion for default judgement against CW and CHI. Dkt. Nos. 59, 61. On February

---

[1] This motion is suitable for resolution without oral argument, and accordingly the hearing set for March 11, 2020 is VACATED pursuant to Civil Local Rule 7–1(b).

11, 2020, Hinman filed a notice of non-opposition to plaintiff's motion. Dkt. No. 69.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a district court may enter a final judgment in a case following a defendant's default. Whether to enter a judgment lies within the court's discretion. *Bd. of Trustees of Laborers Health & Welfare Tr. Fund for N. California v. Cazadores Constr., Inc.*, No. 17-cv-05242-WHO, 2018 WL 986020, at *2 (N.D. Cal. Feb. 20, 2018). In order to exercise this discretion, the court must first confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy of service on the defendant. *Id.* Once these elements are satisfied, the court turns to the following factors (the "Eitel factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts [,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## DISCUSSION

### I. JURISDICTION AND SERVICE OF PROCESS

The complaint asserts that I have jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332, which provides for diversity jurisdiction. Dkt. No. 1 ¶ 2. Plaintiff alleges that it is a Delaware limited liability company, and has alleged that its members are citizens of states other than California. *Id.* The defendants are all allegedly citizens of California. *Id.* The matter in controversy is at least $723,549.12, which exceeds the requirement of $75,000 mandated by statute. Dkt. No. 1 at 3; Dkt. No. 63 ¶¶ 6-7; Dkt. No. 67 at 2. Accordingly, I have subject matter jurisdiction over this matter.

I also have personal jurisdiction over this matter because the defendants are California citizens and because the transactions at issue occurred in California. *See* Dkt. No. 1 ¶¶ 2-11. Finally, both CW and CHI were properly served with the summons and Complaint on October 19, 2018. Dkt. Nos. 16, 18; *see also* Dkt. No. 60 ¶¶ 3-12. Both entities failed to appear and on December 10, 2018 the Clerk of Court entered default against them. Dkt. No. 31.

## II. EITEL FACTORS

### A. Possibility of prejudice to plaintiff

The possible prejudice to plaintiff weighs in its favor. Although defendant Hinman does not oppose summary judgment and plaintiff thus has secured a judgment against him, it is possible that defendant Hinman will not have adequate funds to pay the judgment in full. Plaintiff has documented the monetary damages that it has sustained, which outweighs the possible prejudice to CW and CHI, both of which were parties to the contracts at issue.

### B. Merits of plaintiff's claims, sufficiency of the complaint, and possibility of dispute with regard to material facts

The merits of plaintiff's claim, sufficiency of the complaint, and the possibility of a dispute with regard to material facts also weigh in favor of granting its motion. This matter involves a loan agreement guaranteed by the defendants, with a property in Contra Costa County as collateral. Dkt. No. 1-1. These agreements were attached to the complaint. Dkt. Nos. 1-1. 1-2, 1-3, 1-4. The principal on the loan was $2,300,000.00. Dkt. No. 1-1. On January 2, 2019, plaintiff purchased the property at a foreclosure sale for $1,800,000. Dkt. No. 66-1. On January 11, 2019, Delta Waterways MGT, LLC ("Delta") purchased the property. Dkt. No. 63 ¶ 3. Plaintiff asserts that 723,549.12 is owing on the loan, which is the total amount owed on the loan at the time of the foreclosure sale minus the sale proceeds. Dkt. No. 64 ¶ 4.

Defendant Hinman has not opposed plaintiff's motion for summary judgment, and has not disputed the material facts in this case. Moreover, plaintiff has submitted declarations in support of its motions that support its claim for damages. Dkt. Nos. 63, 64. It has also provided the contracts at issue, either attached to the complaint or in support of its motion for fault judgment. Accordingly, plaintiff has presented a legally sufficient complaint, as well as supporting documentation as to the merits of its claim, that supports granting its motion.

### C. Sum of the money at stake

"When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged," but "where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Cazadores*, 2018 WL 986020, at *4 (citations omitted). Here, after the foreclosure sale of the property at issue, $723,549.12 was left owing on

1  the loan. Dkt. No. 64 ¶ 4. This amount is tailored to the defendants' claim for breach of
commercial guaranty and is appropriate. Accordingly, this factor weighs in favor of granting
plaintiff's motion.

### D. Policy favoring decisions on the merit

There is no evidence that CW's and CHI's failure to participate in this litigation or participate in this proceeding is due to excusable neglect. Further, prompt resolution of this matter outweighs policy considerations favoring resolution on the merits of this dispute. Therefore, policy considerations weigh in favor of granting plaintiff's motion.

Because all of the Eitel factors weigh in favor of granting default judgment, plaintiff's motion is GRANTED.

## III. RELIEF SOUGHT

Plaintiff's motion for default judgment seeks $723,549.12 in damages on its first claim for relief. Dkt. No. 67-1 at 2. As discussed above, this is the amount owing on the loan minus the proceeds from the foreclosure sale of the collateral property. Plaintiff's motion for summary judgment against Hinman also seeks $723,549.12. Dkt. No. 68 at 5. Darren Clow, a principal of Delta, has detailed $273,800 in additional costs that it claims plaintiff and Delta incurred due to defendants' "failure . . . to properly maintain" the property. Dkt. No. 63 ¶¶ 1, 4, 6. Plaintiff submitted this declaration in support of its motion for default judgment but has not requested this additional amount in either of its motions. It is also not clear how these damages relate to plaintiff's claims in the complaint. Accordingly, I will grant plaintiff's request for $723,549.12 in damages. To the extent that plaintiff seeks additional damages stemming from defendants' breach of commercial guaranty, it may move for them along with any attorney's fees, costs, or interest, but must explain how these damages are tethered to the claims in the complaint.

4

## CONCLUSION

For the above reasons, plaintiff is entitled to judgment against all defendants in the amount of $723,549.12.

**IT IS SO ORDERED.**

Dated: March 2, 2020



William H. Orrick
United States District Judge